IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEON THOMAS,
    Petitioner,

vs.                                         Case No. 3:07cv317/RV/EMT

SCOTT P. FISHER, Warden,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1). Respondent has filed an answer (Doc. 9). Petitioner was provided an opportunity to file a reply to Respondent's answer (*see* Doc. 10), but he declined to do so.

I.    BACKGROUND

    On April 1, 2004, Petitioner was arrested by state authorities in Louisiana for possession with intent to distribute cocaine and resisting an officer, and he was released on bond on June 1, 2004 (*see* Doc. 1 at 4, attached page 1; Doc. 10 at 3, Ex. 1, Declaration of James Hazleton ¶ 4). The charges were subsequently dismissed but resulted in a federal indictment on September 8, 2004, in which Petitioner was charged with possession with intent to distribute cocaine and cocaine base (Doc. 10 at 3, Ex. 1, Hazleton Decl. ¶ 4). *See* United States v. Thomas, Case No. 3:04cr00117-001-A, Doc. 1.

    On March 23, 2005, Petitioner was again arrested by state authorities in Louisiana for possession of cocaine in Case No. 05-05-0592, and he remained in state custody (*see* Doc. 1 at 4, attached page 1; Doc. 10 at 3, Hazleton Decl. ¶ 5). The next day, a federal detainer was placed on him (*see* Doc. 1 at 4, attached page). On April 27, 2005, Petitioner was produced in federal court pursuant to a writ of habeas corpus ad prosequendum for an initial appearance on the federal charge, although Petitioner remained in the primary custody of the State of Louisiana and was returned to

state authorities after the hearing (Doc. 10 at 4, Hazleton Decl. ¶ 5). *See* Thomas, Case No. 3:04cr00117-001-A, Docs. 3, 5, 10, 11. At a detention hearing on April 29, 2005, Petitioner was ordered detained on the federal charge and returned to state authorities (*see* Doc. 1 at 4, attached p. 1). *See* Thomas, Case No. 3:04cr00117-001-A, Docs. 11, 13, 23. On June 22, 2005, Petitioner was produced in federal court pursuant to a writ of habeas corpus ad prosequendum for a plea hearing on the federal charge; he entered a guilty plea and was returned to state authorities (Doc. 10 at 4, Hazleton Decl. ¶ 6). *See* Thomas, Case No. 3:04cr00117-001-A, Docs. 23–25, 31. On October 5, 2005, Petitioner was again produced in federal court pursuant to a writ of habeas corpus ad prosequendum for sentencing, and he was sentenced to a term of sixty (60) months of incarceration, to be followed by a three-year term of supervised release (*see* Doc. 1 at 4, attached p. 1; Doc. 10 at 4, Hazleton Decl. ¶ 6). Thomas, Case No. 3:04cr117-001-A, Docs. 31, 33. The federal sentencing court was silent with regard to Petitioner's pending state case (Doc. 10 at 4, Hazleton Decl. ¶ 6). Petitioner was again returned to state authorities, and a federal detainer was lodged with the Louisiana authorities (Doc. 10 at 4, Hazleton Decl. ¶ 6).

On June 21, 2006, Petitioner was sentenced on the state charge to a term of two (2) years of incarceration with credit on his sentence "for time served as a result of his arrest on this charge only, from arrest to bond date and from conviction . . . to imposition of sentence" (*see* Doc. 1 at 4, attached page 2 and Exhibit; Doc. 10 at 4, Hazleton Decl. ¶ 7). Thus, Petitioner received credit on his state sentence for the period March 23, 2005, the date of his arrest, to June 21, 2006, the date of his conviction and sentence (*see* Doc. 10, Hazleton Decl. ¶ 7). The state court determined that Petitioner had completed his state sentence and ordered Petitioner to be released to federal authorities pursuant to the federal detainer (*see* Doc. 1, Exhibit; Doc. 10 at 4, Hazleton Decl. ¶ 7–8). Accordingly, on June 21, 2006, was released to federal custody to begin serving his federal sentence (Doc. 14 at 4, Hazleton Decl. ¶ 8).

The federal Bureau of Prisons (BOP) calculated Petitioner's federal sentence as commencing on June 21, 2006 (Doc. 10, at 4, Hazleton Decl. ¶ 8, Ex. 2). The BOP granted sentence credit for sixty-two (62) days for the period April 1, 2004 to June 1, 2004, pursuant to 18 U.S.C. § 3585(b) (*id.*, Hazleton Decl. ¶ 11, Ex. 2). The BOP did not grant sentence credit for the period March 23,

2005 to June 21, 2006, because Petitioner received credit on his state sentence for that period, pursuant to § 3585(b) and BOP policy (*id.*, Hazleton Decl. ¶¶ 11–13, Ex. 2).

Respondent concedes that Petitioner exhausted his administrative remedies with respect to his claims (Doc. 10 at 2–3).

II.    STANDARD OF REVIEW

Acting through the BOP, the federal Attorney General initially possesses the exclusive authority to compute sentence credit awards after sentencing. United States v. Wilson, 503 U.S. 329, 331, 112 S. Ct. 1351, 117 L. Ed.2d 593 (1992) (citing 18 U.S.C. § 3621(a)); Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). Once a petitioner has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the BOP's decision and its statutory construction. *See* Rodriguez, 60 F.3d at 747. The court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "must give effect to the unambiguously expressed intent of Congress." If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id.* (citing Chevron USA Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842–844, 104 S. Ct. 2778, 81 L. Ed.2d 694 (1984)).

III.   ANALYSIS

Petitioner contends he is entitled to relief based on three grounds. First, he claims he is entitled to credit on his federal sentence for the period March 23, 2005 to June 21, 2006, that is, from the date of his arrest on the second state charge to the date he was sentenced on the state charge, satisfied that sentence, and began serving his federal sentence (Doc. 1 at 4, attached page 1). Second, Petitioner claims he is entitled to credit on his federal sentence for the period March 23, 2005 to October 5, 2005, that is, from the date of his arrest on the second state charge to the date he was sentenced on the federal charge (*id.* at 1–2). Third, Petitioner claims he is entitled to credit on his federal sentence for the period March 24, 2006 to June 20, 2006, on the ground that the two-year state sentence imposed on June 20, 2006, was effectively satisfied in twelve (12) months (on March 24, 2006), because of good time he would have earned pursuant to the state's good time statute;

therefore, he is entitled to eighty-nine (89) days of credit on his federal sentence from the date his state sentence was effectively satisfied to the date his federal sentence commenced (*id*. at 2).

     A.    Section 3585 & BOP Statement

The BOP argues that pursuant to the clear language of 18 U.S.C. § 3585, Petitioner is not entitled to the requested relief. Section 3585 provides:

> **(a)** **Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b)** **Credit for prior custody**.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. After a defendant is sentenced, it falls to the BOP, not the district court, to determine when a sentence is deemed to "commence." 18 U.S.C. § 3585(a). Additionally, as the Supreme Court has held, the BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced" in accordance with section 3585(b). *See* Wilson, 503 U.S. 329 (BOP determines credit issues, not the district courts). In fact, the federal courts do not have the authority under § 3585 to order the BOP to credit a prisoner with state time served. *See, e.g.,* United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997).

The BOP has interpreted § 3585 in Program Statement 5880.28 (*see* Doc. 10, Ex. 3). Department of Justice, Federal Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCA of 1984, p. 1-14) (Feb. 14, 1997). That Program Statement provides, in part:

> Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for "writ" custody is not the federal charge.

>     The federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody.

*Id.*, p. 1-20B (*see* Doc. 10, Ex. 3).  Thus, when Petitioner was taken into federal custody on the writs of habeas corpus ad prosequendum, the State of Louisiana retained primary jurisdiction over him, because he was only "borrowed" by the federal Government.  *See* Causey v. Civilette, 621 F.2d 691, 693 (5th Cir. 1980)[1] ("[t]he law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary . . . A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."); *see also* United States v. Smith, 812 F. Supp. 368 (E.D.N.Y. 1993) (federal sentence does not begin to run when defendant is produced for prosecution in federal court pursuant to federal writ of habeas corpus ad prosequendum, rather, state retains primary jurisdiction over prisoner and federal custody commences only when state authorities relinquish prisoner on satisfaction of state obligation; federal writ of habeas corpus ad prosequendum merely loans prisoner to federal authorities).

>     Program Statement 5880.28 further provides, in part:
>
>     A sentence imposed by a court for **"Time Served,"** means that all time spent in official detention (prior custody time), as a result of the offense for which sentence was imposed, is included in the "Time Served" sentence which the court imposed and cannot be awarded to any other sentence.

Department of Justice, Federal Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCA of 1984, p. 1-15A) (Feb. 14, 1997) (*see* Doc. 10, Ex. 3).  In the instant case, on June 16, 2006, Petitioner was sentenced for the state charge and given credit on that sentence "for time served as a result of his arrest on this charge only, from arrest . . . to imposition of sentence" (*see* Doc. 1, Exhibit (emphasis added)), specifically, March 23, 2005 to June 21, 2006.  Therefore, the record shows, and Petitioner does not dispute, that he received credit on his state sentence for the entire period he claims he is entitled to credit against his federal sentence.  Since § 3585(b) expressly precludes the BOP from granting credit for time "credited against another sentence," the BOP did not unreasonably apply the statute to the Petitioner's case.  *See* United States

---

[1] Decisions of the former Fifth Circuit decided by September 30, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Pritchard, Ala., 661 F.2d 1206 (11th Cir. 1981).

v. Rivers, 329 F.3d 119 (2d Cir. 2003) (Bureau of Prisons (BOP) could not credit defendant for time already served under state sentence, inasmuch as that time had already been credited against state sentences); Rios v. Wiley, 201 F.3d 257, 276 (3d Cir. 2000); Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992) (prisoner's federal sentences did not commence until he was actually received at federal penitentiary for service thereof, and he was not entitled to receive credit against those sentences for time served in state confinement on unrelated offenses);.United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991); Bailes v. Booker, 125 F.3d 861, 1997 WL 634099 (10th Cir. Oct. 10, 1997) (Table, Text in Westlaw).

Petitioner's reliance on United States v. Haney, 711 F.2d 113, 114–15 (8th Cir. 1983) is misplaced. Petitioner asserts that he was denied bond after being arrested on March 23, 2005, due to a detainer placed on March 24, 2005 by the United States Marshal Service for the federal offense. Petitioner alleges the federal detainer "was the sole reason that Petitioner could not be released on state bond or receive a state probation bond," and he is therefore entitled to credit from March 23, 2005 to June 21, 2006 (*see* Doc. 1 at 4, attached p.1). In Haney, the Eighth Circuit held that the petitioner was entitled to credit on his federal sentence for time spent in state custody attributable to the federal detainer. *Id.* at 114. The holding in Haney was based on the language of 18 U.S.C § 3568; however, § 3568 has been repealed and does not apply to offenses committed after November 1, 1987, like Petitioner's. *Id.*; *see also* Potwin v. Sanders, No. 2:05CV00050 JMM-JFF, 2006 WL 932304, at * 4 (E.D. Ark. Apr. 10, 2006) (recognizing that Haney does not apply to cases where offense was committed after November 1, 1987, the date that § 3568 was repealed and § 3585 became effective). Furthermore, the language of § 3568 did not contain the explicit prohibition against double credit that § 3585(b) contains. *See* 18 U.S.C. § 3585(b); Potwin, *supra*.

Likewise, Petitioner's reliance on United States v. Wilson, 916 F.2d 115 (6th Cir. 1990) is misplaced. Petitioner asserts that at the time his federal sentence was imposed, specifically, October 5, 2005, he had not been sentenced on the state charge and, therefore, had not received credit on his state sentence for the period March 23, 2005 to October 5, 2005, and according to Wilson, the federal court should have awarded him credit on his federal sentence for that period (*see* Doc. 1 at 4, attached p. 1). The Sixth Circuit's decision in Wilson was reversed by the Supreme Court, *see* Wilson, 503 U.S. 329, on the ground that pursuant to § 3585(b), computation of sentence credit must

occur after the defendant begins his sentence, not at sentencing; therefore, a district court cannot apply § 3585(b) at sentencing, rather, the Attorney General, through the BOP, has the responsibility for computing sentence credit at the time the defendant begins his sentence.  Wilson, 503 U.S. at 333–34.

Finally, Petitioner's contention that his state sentence was effectively satisfied on March 24, 2006, because he actually would have served only twelve (12) months on a two-year sentence pursuant to the state's good time statutes, is unconvincing.  The fact remains that Petitioner received credit on his state sentence for the period March 23, 2005 through June 21, 2006; therefore, under the plain language of § 3585(b), he is not entitled to "double credit" for that same time period, or any portion thereof, on his federal sentence.

For the foregoing reasons, it is respectfully **RECOMMENDED**:

That Petitioner's petition for writ of habeas corpus (Doc. 1) be **DENIED** and the clerk be directed to close the file.

At Pensacola, Florida, this 29th day of January 2008.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  See **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**